UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TRINITY PHARRIS,<br><br>                         Plaintiff(s),<br><br>     v.<br><br>STATE OF NEVADA DEPARTMENT OF CORRECTIONS,<br><br>                         Defendant(s). | Case No. 2:15-CV-268 JCM (CWH)<br><br>ORDER |

Presently before the court is defendant State of Nevada Department of Corrections's ("defendant") motion to dismiss. (Doc. # 9). Plaintiff Trinity Pharris ("plaintiff") did not file a response, and the deadline to respond has now passed.

On February 13, 2015, plaintiff filed a complaint alleging gender discrimination and retaliation arising out of her employment with defendant. (Doc. # 1). Defendant argues that dismissal is proper because plaintiff has failed to show exhaustion of administrative remedies and has not established a prima facie case as to her claims. (Doc. # 9).

Pursuant to District of Nevada Local Rule 7-2(d), "the failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." D. Nev. R. 7-2(d). However, the court will not automatically grant every unopposed motion. Instead, the court must weigh the following factors before dismissing the action: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995).

**James C. Mahan**
**U.S. District Judge**

Having considered the motion and plaintiff's complaint in light of the *Ghazali* factors, the court will grant the motion. The first three factors—the public's interest in expeditiously resolving this litigation, the court's interest in managing the docket, and the risk of prejudice to defendants—all weigh in favor of dismissal. *See Ghazali*, 46 F.3d at 53; *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976) (holding that a presumption of injury arises from the occurrence of unreasonable delay).

The remaining factors are outweighed by the arguments supporting dismissal. Plaintiff is represented by counsel. She had an opportunity to respond to the instant motion and failed to do so. Based on the foregoing, the court will grant defendant's motion to dismiss.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion to dismiss, (doc. # 9), be, and the same hereby is, GRANTED. Plaintiff's complaint is hereby DISMISSED.

The clerk shall enter judgment accordingly and close the case.

DATED July 22, 2015.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge