1

2

3

4 UNITED STATES DISTRICT COURT

5 DISTRICT OF NEVADA

6 * * *

7 TRINITY PHARRIS,                                    Case No. 2:15-CV-268 JCM (CWH)

8                                 Plaintiff(s),              ORDER

9        v.

10 STATE OF NEVADA DEPARTMENT OF
CORRECTIONS,
11

12                                 Defendant(s).

13

14       Presently before the court is plaintiff Trinity Pharris's motion to reopen the case. (Doc.

15 #14). Defendant State of Nevada Department of Corrections ("NDOC") filed a response in

16 opposition. (Doc. #16).

17    **I.       Background**

18       Plaintiff's complaint asserted two causes of action: retaliation in violation of 42 U.S.C. §

19 *2000e et. seq.*, and discrimination based upon sex. (*Id.*) Defendant filed a motion to dismiss the

20 complaint for failure to exhaust administrative remedies. (Doc. #9). Plaintiff did not file a response

21 by the deadline required. After giving plaintiff nine additional days, this court dismissed the case

22 pursuant to District of Nevada Local Rule 7-2(d) and after consideration of the *Ghazali v. Moran*

23 factors. 46 F.3d 52, 53 (9th Cir. 1995).

24       Plaintiff now asks this court to set aside its order of dismissal. (Doc. #14). Plaintiff has two

25 attorneys, Paul Padda and Ruth Cohen. Plaintiff's counsel claims the failure to file a timely

26 response was due to Ms. Cohen's inadvertent calendaring error because she was ill and out of the

27 office. Defendant opposes plaintiff's request to reopen the case because plaintiff has neither

28

**James C. Mahan**
**U.S. District Judge**

1   addressed the proper standard for reconsideration nor shown that reconsideration is warranted to

2   set aside the dismissal. (Doc. #16).

3   **II.     Legal Standard**

4   Federal Rule of Civil Procedure 60(b) provides that a court may relieve a party from

5   judgment on the basis of (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly

6   discovered evidence that, with reasonable diligence, could not have been discovered in time to

7   move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing

8   party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is

9   based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no

10  longer equitable; or (6) any other reason that justifies relief.

11  Excusable neglect under Rule 60(b)(1) refers to "cases of negligence, carelessness and

12  inadvertent mistake." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224 (9th Cir. 2000).

13  "Excusable neglect is an equitable concept that takes account of factors such as prejudice, the

14  length of the delay and impact on judicial proceedings, the reason for the delay, including whether

15  it was within the reasonable control of the movant, and whether the movant acted in good faith."

16  *See Franchise Holding II, LLC v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 927 (9th Cir. 2004).

17  "Relief under Rule 60(b)(6) will not be granted unless the moving party is able to show

18  both injury and circumstances beyond its control prevented timely action to protect its interest."

19  *Gardner v. Martino*, 563 F.3d 981, 991 (9th Cir. 2009). Rule 60(b)(6) is essentially a catch-all

20  provision that has been used "sparingly as an equitable remedy to prevent manifest injustice[,]" in

21  fact, it is to be used "only where extraordinary circumstances prevented a party from taking timely

22  action to prevent or correct an erroneous judgment." *Delay*, 475 F.3d at 1044 (*quoting United*

23  *States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir.1993)).

24  **III.    Discussion**

25  The court declines to reopen this case. Although plaintiff states that the delay was caused

26  by an inadvertent calendaring error by Ms. Cohen, there is no explanation as to why Mr. Padda,

27  who is also listed as counsel, received electronic notifications, and filed the instant motion, was

28  not aware of the response deadline, particularly in light of Ms. Cohen's ongoing illness.

**James C. Mahan**
**U.S. District Judge**

- 2 -

1    Mr. Padda has given no reason for his failure to adhere to the deadlines set by this court.

2 While Ms. Cohen's calendaring error due to her ongoing illness may rise to the level of excusable

3 neglect under Rule 60(b)(1), it certainly does not relieve Mr. Padda from providing an explanation.

4 Moreover, Mr. Padda has not demonstrated circumstances beyond his control, nor does the court

5 find extraordinary circumstances prevented him from taking timely action. Accordingly, Rule

6 60(b)(6) relief is not justified.

7    The impact on the proceeding is not unduly harsh. The court did not dismiss the case with

8 prejudice. In the time it has taken plaintiff to try and reopen the case, she could have already re-

9 filed her compliant.  Dismissal without prejudice is not an adjudication on the merits and does not

10 have res judicata effect. *See Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 396 (1990); *see*

11 *also In re Marino,* 181 F.3d 1142, 1144 (9th Cir. 1999).

12    After consideration of plaintiff's request in light of Rule 60b and the *Pioneer* factors, the

13 court denies plaintiff's motion to reopen the case.

14    Accordingly,

15 IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion to reopen

16 (doc. # 14) be, and the same hereby is, DENIED.

17    DATED February 12, 2016.

18

19    _____
UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**